# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SOLOMON SEALS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1215-RWS |
| | ) | |
| MUSLIMS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Missouri inmate Solomon Seals for leave to commence this civil action, brought pursuant to 42 U.S.C. § 1983, without prepayment of the required filing fee. The motion will be denied, and this case will be dismissed without prejudice.

Plaintiff, a prisoner and a frequent filer of frivolous lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. It provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes. *Seals v. Groose, et al.*, No. 2:95-cv-4187-SOW (W.D. Mo. Jul. 17, 1995); *Seals v. Moorish Science Temple*, No. 2:95-cv-4246-SOW (W.D. Mo. Sept. 14, 1995); *Seals v. Groose, et al.*, No. 2:96-cv-4053-FJG (W.D. Mo. Apr. 22, 1996); *Seals v. Groose, et al.*, No. 2:96-cv-4232-NKL (W.D. Mo. Oct. 8, 1996); *Seals v. Kemna*, No. 5:98-cv-6153-HFS (W.D. Mo. Nov. 30, 1998); *Seals v. Kemna*, No. 5:98-cv-6157-HFS (W.D. Mo. Nov. 17, 1998). Therefore, he may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the instant complaint, plaintiff states he files the complaint against every Muslim at the Potosi Correctional Center, and wants to proclaim his nationality and divine creed as Allah, the father of the universe. As relief, he asks the Court to enforce his laws, and give every Muslim inmate 2,000 years for putting people in physical and mental slavery. He also seeks a monetary award of "700,707,700 zillion dollars." None of plaintiff's allegations would support the finding that plaintiff is under imminent danger of serious physical injury. The Court will therefore deny the instant motion, and dismiss this action without prejudice.

Even if plaintiff were not subject to § 1915(g), the complaint would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is factually frivolous. An action is factually frivolous if the facts alleged are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.* In this case, the allegations in the complaint are factually frivolous as defined in *Denton*.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

Dated this 27th day of August, 2018.

                                        /s/ Rodney W. Sippel
                                        RODNEY W. SIPPEL
                                        UNITED STATES DISTRICT JUDGE